STATE v. STANLEY JOSEPH KRAJEWSKI.

226 N. W. 2d 293.

January 31, 1975—No. 44783.

C. Paul Jones, State Public Defender, and Rosalie E. Wahl, Special Assistant Public Defender, for appellant.

Warren Spannaus, Attorney General, Peter W. Sipkins, Solicitor General, Thomas J. Foley and Michael J. Bradley, Special Assistant Attorneys General, and John A. Winters, County Attorney, for respondent.

TODD, JUSTICE.

Defendant, found guilty by a district court jury of burglary, Minn. St. 609.58, subd. 2(1)(a), and sentenced by the trial court to the Youth Conservation Commission for an indeterminate sentence of not more than 5 years, appeals from judgment of conviction. After careful consideration of the issues raised by defendant, we affirm.

There is no merit to defendant's contention that the evidence was, as a matter of law, insufficient to convict. The information charged defendant with burglary of the office of the school superintendent at Climax, Minnesota, on the night of February 6-7, 1973. Without detailing all the evidence, suffice it to say that eyewitness testimony placed defendant at a bar in Climax about 12:30 a. m. that night and an automobile like his in the vicinity of the burglarized building at about that time, while scientific

evidence, including footprint comparisons and glass fragment comparisons, permitted the jury to conclude that defendant was involved in the burglary itself.

Defendant's second contention—that the trial court erred in permitting him to agree to a trial by a jury of only 11 members without adequately informing him that he did not have to agree to this—also lacks merit because the trial court informed defendant of his rights and fully complied with A. B. A. Standards for Criminal Justice, Standards Relating to Trial by Jury (Approved Draft, 1968) § 1.3(c), which states:

"The court should not permit such an election or accept such a stipulation [for trial by less than the full number of jurors] unless the defendant, after being advised by the court of his right to trial by a full jury, personally waives his right to trial by a full jury either in writing or in open court for the record."

We do not consider defendant's third contention—that expert testimony comparing glass fragments found at the scene of the burglary with fragments found in defendant's shoes was objectionable as an improper use of statistical proof that invaded the province of the jury—because defense counsel did not object to the testimony on this ground.

Finally, we reject defendant's contention that defense counsel inadequately represented him, a contention which defendant bases upon counsel's asking him and his corroborating witness to relate the occurrences of the night in question in narrative form and on counsel's failure to make any objections during cross-examination or to conduct rehabilitative redirect examination. These actions by defense counsel did not in any way constitute inadequate representation.

Affirmed.